**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ERLINDA BELANGUE, an individual,

Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION, et al.,

Defendants.

Case No.:  3:23-cv-01850-W-JLB

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND REMAND [DOC. 15.]**

Pending before the Court is plaintiff Erlinda Belangue's ("Plaintiff") motion for leave to amend and for remand.  ([Doc. 15], "Mot. to Amend".)  Plaintiff first filed this action in the San Diego County Superior Court.  Defendant Costco Wholesale Corporation ("Costco") subsequently removed this action to this Court on October 9, 2023.  (*See* [Doc. 1], "Notice of Removal".)  Plaintiff now seeks leave to file a First Amended Complaint substituting employee Darren Caltagirone ("Caltagirone") for DOE 1.  ([Doc. 15-1], "P. & A.".)  Because the new defendant destroys complete diversity, Plaintiff also moves to remand for lack of subject matter jurisdiction.  (*Mot. to Amend* at 2:11-13.)  Costco opposes.  ([Doc. 17], "Opposition".)

The Court decides the matter on the papers submitted and without oral argument. *See* Civ.L.R. 7.1.d.  For the reasons discussed below, the Court **GRANTS** the Motion to Amend [Doc. 15].

**I.    BACKGROUND**

This lawsuit arises out of personal injuries suffered by Plaintiff when she (a customer) was allegedly hit by a Costco employee carrying a stack of boxes, causing her

1

to fall.  ([Doc. 1-2], "Complaint" at ¶ 10.)  Plaintiff's Complaint against Costco and Does 1–100 asserts three claims for relief: (1) negligence, (2) premises liability, and (3) negligent hiring, supervision, and retention.  (*Id.* ¶¶ 12-30.)

On October 9, 2023, Costco timely removed the action on the basis of diversity jurisdiction.  (*Notice of Removal* at ¶¶ 1-19.)  In support, Costco stated that it is a Washington corporation with its headquarters and principal place of business in Washington and Plaintiff is a citizen of California.  (*Id.* at ¶¶ 3-4.)

Plaintiff now seeks to amend the Complaint to name one new defendant: employee Darren Caltagirone, as a substitute for Doe 1 in the original Complaint.  (*P. & A.* at 2:18-19.)  Mr. Caltagirone is allegedly the employee responsible for Plaintiff's fall and a citizen of California.  (*Id.* at 2:16-17; *see Opposition* at 7:10.)  Because Mr. Caltagirone is a citizen of California, his addition to the action would divest this Court of diversity jurisdiction.  (*See id.* at 10:6-9.)

## II.    LEGAL STANDARD

28 U.S.C. Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court."  28 U.S.C. § 1447(e).  Congress added subsection (e) to allow remand if a plaintiff pursues joinder of a diversity-destroying defendant after removal.  H.R. Rep. No. 100–889, at 72.  Permitting joinder under § 1447(e) is left to the discretion of the Court.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  In the Ninth Circuit, the following factors are considered when weighing whether to permit joinder of a non-diverse defendant after removal: (1) whether the new defendant is necessary for just adjudication of the controversy pursuant to Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking joinder; (4) whether the plaintiff seeks joinder solely to defeat diversity jurisdiction; (5) whether the claims against the prospective

2

defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).  Any of the factors might prove decisive, and none are a required condition for joinder. *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 921 (N.D. Cal. 2015).  The case should be remanded if the court permits joinder of a non-diverse defendant. *See* 28 U.S.C. § 1447(e).

**III.    DISCUSSION**

Plaintiff argues the six factors set forth above weigh in favor of allowing joinder. (*P. & A.* at 5:1-9:23.)  The Court agrees.

First, Rule 19(a) requires joinder of persons whose absence would preclude complete relief, impede their ability to protect their interests, or subject a party to a substantial risk of inconsistent obligations.  Fed. R. Civ. P. 19(a).  "This standard is met when failure to join will lead to separate and redundant actions." *IBC*, 125 F. Supp. 2d at 1012 (citing *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991)).  Amendment under section 1447(e) "is a less restrictive standard than joinder under [Rule] 19," but the standard is not met where the defendant is only tangentially related to the cause of action. *Id.*

Plaintiff contends Mr. Caltagirone is the employee who "injured Plaintiff by colliding with her" and is individually liable for breaching a duty he had towards Plaintiff. (*P. & A.* at 5:20-22.)  Costco's argument focuses on this first factor.  Costco contends that Mr. Caltagirone is not a necessary party because Costco would be vicariously liable for his actions. (*Opposition* at 6:17-19.)  Specifically, Costco maintains that Caltagirone was acting within the course and scope of his employment, and so Costco would be required to indemnify him under California Labor Code section 2802. (*Opposition* at 10:12-19.)

3

However, contrary to Costco's argument, this does not preclude Caltagirone from also being a necessary party.  Costco may potentially be directly liable to Caltagirone, as well as separately liable to indemnify Caltagirone.  Indeed, "[t]he fact that Costco may be both directly liable for its negligence and vicariously liable for the negligence of [its employee] supports Plaintiff's argument that [the employee] is a necessary party to this action, and not merely tangentially related." *Franco v. Costco Wholesale Corp.*, No. CV 18-7586-MWF (AFMx), 2018 WL 6333674, at *2 (C.D. Cal. Oct. 30, 2018).  Plaintiff sufficiently alleges that Mr. Caltagirone is the employee directly involved in the incident, and therefore bears more than a tangential relationship to Plaintiff's causes of action.  Accordingly, this factor weighs in favor of joinder.

Second, the statute of limitations for an injury to "an individual caused by the wrongful act or neglect of another" is two years.  Cal. Civ. Proc. Code § 335.1.  The two-year period for Plaintiff to pursue a claim against Caltagirone in state court expired on September 23, 2023.  (*P. & A.* at 6:13-15.)  This factor also weighs in favor of joinder.

Third, courts consider the delay between removal from state court and a motion to amend when determining whether to allow joinder of a non-diverse party.  *See, e.g., Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (denying amendment to add defendant that was filed more than six months after removal and only days before consideration of a motion for summary judgment); *IBC*, 125 F. Supp. 2d at 1012.  Plaintiff alleges she only became aware of Mr. Caltagirone's identity as the employee who directly collided with her during the Initial Status Conference on December 6, 2023.  (*P. & A.* at 6:25-28.)  Plaintiffs filed the instant motion to amend the Complaint on February 5, 2024, only two months later.  Costco does not dispute the timeliness of the motion.  (*Opposition* at 15:3-4.)  The Court finds that the motion is timely, which weighs in favor of joinder.

Fourth, the motive behind seeking joinder of a non-diverse defendant is relevant as to whether to grant leave to amend.  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d

1371, 1376 (9th Cir. 1980).  Costco argues Plaintiff seeks to add Caltagirone as a named defendant solely to destroy the federal court's diversity jurisdiction, requiring a remand to state court.  (*See Opposition* at 15:9-10.)  However, as Plaintiff argues, Caltagirone is the specific employee involved in the incident, and there is a possibility of direct recovery against defendant employees under California law.  (*See P. & A.* at 7:17-20).  This weighs against a finding of fraudulent joinder.  Additionally, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."  *IBC*, 125 F.Supp.2d at 1012 (citation omitted).  Because of this, courts often consider whether the plaintiff is trying to delay proceedings unreasonably.  *See Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534 (N.D. Cal. 1989).  The Court declines to impute a motive to unreasonably delay proceedings here, as the case is still in the early stages and Plaintiffs have quickly moved to remand.  Considering Mr. Caltagirone's alleged participation in the incident, Plaintiff's desire to add him as a defendant is reasonable.  This factor weighs in favor of granting joinder.

Fifth, "courts consider whether the claim sought to be added seems meritorious," which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.  *IBC*, 125 F. Supp. 2d at 1012.  As discussed above, Plaintiff's claims against Caltagirone appear facially valid.  Furthermore, Costco does not dispute that Plaintiff has stated a facially valid negligence claim against Caltagirone.  (*Opposition* at 15:4-6.)  Accordingly, this factor weighs in favor of joinder.

Finally, courts consider whether denial of joinder will prejudice the Plaintiff.  Costco argues that Plaintiff is not prejudiced because she can obtain full relief from Costco exclusively.  (*Opposition* at 14:19-21.)  However, as discussed above, Plaintiff may possibly obtain relief from both Costco and Caltagirone.  Costco's potential responsibility to indemnify Caltagirone does not subsume Plaintiff's ability to pursue a direct claim against Caltagirone, in addition to Costco.  Denying the amendment would force Plaintiff to either forego its potential claims against Caltagirone, or pursue

redundant litigation in another forum, if the statute of limitations was deemed tolled through the Doe process. (*See P. & A.* at 9:13-16.) "[T]o litigate essentially the same issues in two forums would be a waste of judicial resources and risk inconsistent results." *IBC*, 125 F. Supp. 2d at 1012. Moreover, little prejudice to Costco would result from permitting joinder, as the case is still in the relatively early stages of litigation. Therefore, this final factor weighs in favor of granting joinder.

**IV.   CONCLUSION & ORDER**

Having considered the relevant factors above, the Court **GRANTS** Plaintiff's Motion for leave to amend [Doc. 15]. Because the amendment destroys diversity jurisdiction by naming Mr. Caltagirone as a defendant, remand is warranted. Accordingly, this Court **REMANDS** the action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated:  July 16, 2024

_____
Hon. Thomas J. Whelan
United States District Judge

6

3:23-cv-01850-W-JLB